# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARIE RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 C 6113 |
| ) | |
| MEGAN J. BRENNAN, Postmaster ) | Judge Rebecca R. Pallmeyer |
| General, United States Postal Service, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marie Rodgers ("Plaintiff"), was employed by the U.S. Postal Service beginning in 1996. She suffered an on-the-job injury and sought accommodations for resulting disabilities, but ultimately was terminated in 2010. Rodgers has challenged the Postal Service's decisions in administrative and court proceedings. In this action against Defendant Megan J. Brennan, Postmaster General of the U.S. Postal Service, ("Defendant"), she alleges that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, by constructively discharging her and wrongfully terminating her employment. In her most recent complaint, Plaintiff also appeals a 2014 decision by the Equal Employment Opportunity Commission ("EEOC"), which found that an order issued by the EEOC Administrative Judge in 2011 did not require the U.S. Postal Service to reinstate Plaintiff after her 2010 termination. Defendant has moved to dismiss Plaintiff's Third Amended Complaint [37] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As explained here, the court agrees with Defendant that Plaintiff's constructive discharge and wrongful termination claims (Counts I and II) must be dismissed. Defendant's motion to dismiss those claims [39] is granted. Plaintiff's appeal from the EEOC's 2014 decision survives, however, and a successful appeal from that decision will entitle Plaintiff to the relief she seeks in Counts I and II.

## BACKGROUND

The court takes the following facts from the Third Amended Complaint and treats them as true for purposes of this motion. *See Olson v. Champaign Cty., Ill.,* 784 F.3d 1093, 1095 (7th Cir. 2015). The court also considers Plaintiff's EEOC administrative proceedings and other documents attached to her complaint. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

### A.    Background Facts

Plaintiff, an Asian-American woman from the Philippines, was employed by the U.S. Postal Service ("USPS") from 1996 until her termination on September 27, 2010. (Third Am. Compl. [37] ¶¶ 5, 7, 17, EEOC Decision 5/14/2014 [37-1], at 3.) Beginning in October 2006, Plaintiff was assigned to work as a mail handler, loading, unloading, and moving bulk mail, and performing other duties incidental to mail processing. (*Id.* ¶¶ 8-9.) In June 2007, however, Plaintiff sustained an on-the-job back injury that prevented her from being able to perform the essential functions of the mail handler position. (*Id.* ¶ 10, EEOC Administrative Judge Decision 11/14/2011 (hereinafter "AJ Decision") [37-2], at 3.) Following this injury, Plaintiff's managers allowed Plaintiff to return to work on a "light duty" status until November 2008, when they informed her that she would either have to return to her regular mail handler position or submit an official request for reasonable accommodation. (*Id.* ¶¶ 13, 17.)

Plaintiff did make such a request, seeking an accommodation that would comply with her medical restrictions that she not push or pull more than 20 pounds,[1] not stand for more than two hours at a time, and not twist or bend repetitively. (*Id.* ¶¶ 13, 14, AJ Decision at 4.) In response to this request, Barbara Reynolds-Morgan, USPS Distribution Manager and Light Duty Coordinator, offered Plaintiff a light-duty position on the "dock" that would comply with Plaintiff's medical restrictions. (*Id.*) Plaintiff returned to work, and for the month of February 2009,

---

[1]    Although Plaintiff's initial medical restrictions limited Plaintiff to pushing and pulling less than 50 pounds, this restriction was later changed to 20 pounds. (Third Am. Compl. ¶¶ 13, 14, 18, AJ Decision at 4.)

worked on the dock, pushing and pulling lightweight mail hampers and scanning trays of mail. (*Id.* ¶ 15, AJ Decision at 4.)

In response to complaints from other employees concerning this assignment, a manager advised Plaintiff in early March 2009 that she would have to be removed from the dock position. (*Id.*, AJ Decision at 5.)  Plaintiff agreed to try an assignment working with the Flat Sorting Machine, but concluded after a single day that the position did not comply with her medical restrictions and caused her pain.  (AJ Decision at 5.)  In March and April 2009, Reynolds-Morgan provided Plaintiff with job offers similar to the Flat Sorting Machine assignment, but Plaintiff rejected these positions on the grounds that they were outside of her medical restrictions.  (*Id.* at 6.)

In the meantime, Plaintiff's formal request for an accommodation, filed in January 2009, remained pending before USPS's Reasonable Accommodation Committee.  Plaintiff submitted medical records to the Committee, and the Committee contacted her treating physician directly, requesting more records. (*Id.* at 6-7.)  The Committee did not communicate with Plaintiff herself about this request and in fact advised her that she "did not need to provide any additional documentation of her impairment."  (*Id.* at 7.)  In April 2009, the Committee denied Plaintiff's request for accommodation because it could not determine whether Plaintiff was a qualified individual with a disability, citing a lack of documentation from her treating physician.  (*Id.*; Third Am. Compl. ¶ 16.)  On September 27, 2010, the USPS terminated Plaintiff on account of her absence from work without sick or annual leave and her failure to provide appropriate medical documentation supporting her absence.  (EEOC Decision [37-1], at 3.)

B.      **Plaintiff's Administrative Filings**

On February 18, 2009, Plaintiff filed a formal complaint with the USPS Equal Employment Opportunity ("EEO") office, claiming that the USPS discriminated against her based on her race and disability by failing to provide her with a reasonable accommodation.  (*Id.* ¶ 20, AJ Decision at 1.)  After investigating the charges, the USPS notified Plaintiff of her right to

request a hearing before an EEOC Administrative Judge ("AJ"). (*Id.*) On March 22, 2011, EEOC Administrative Judge Laurie Wardell granted the USPS's motion for summary judgment as to Plaintiff's discrimination claims, but denied summary judgment as to her reasonable accommodation claim. (*Id.*) By the time of that ruling, Plaintiff had been terminated from her employment due to absences. She filed a grievance regarding her termination, but the arbitrator ruled that her termination was for just cause and Plaintiff did not raise the issue of termination before the ALJ. (*Id.* ¶ 20 (EEOC finding that Plaintiff did not challenge termination before the ALJ "is true on its face . . . .").)

Judge Wardell conducted an evidentiary hearing on Plaintiff's failure-to-accommodate claim and entered an order in favor of Plaintiff on that claim. (AJ Decision at 1-2.) Specifically, Judge Wardell found that the USPS had violated Plaintiff's rights by removing her from the light-duty dock position; assigning her to the Flat Sorting Machine position, which was outside her medical restrictions; and failing to consider vacant light-duty assignments for which she was qualified. (AJ Decision at 10-17.) With respect to Plaintiff's alleged failure to provide documentation of her disability, the AJ noted that the Committee had not ever told her she needed to provide that documentation and in fact had "lulled her into thinking" she had met the requirements. (*Id.* at 15.) As a remedy, the AJ concluded that the USPS "should return [Plaintiff] to work and should reasonably accommodate [Plaintiff's] disability," as well as pay Plaintiff "full back pay, allowances, and differentials she would have received had she been accommodated." (*Id.* at 18.)

Plaintiff contends the USPS has not complied with this order. In May 2012, Plaintiff notified the USPS that it was not in compliance with the AJ's order because it had not reinstated Plaintiff and had provided her with back pay only until September 27, 2010, the date of her termination of employment. (EEOC Decision [37-1], at 1.) The USPS responded that Plaintiff's termination was the appropriate cut-off date for back pay, and that it was not required to reinstate Plaintiff because her termination, which she had not raised during the hearing before

the AJ, was an "intervening event" that limited the relief ordered. (*Id.*) On May 14, 2014, the EEOC issued a written decision concluding that the USPS had in fact complied with the AJ's order. (*Id.* at 3.) The EEOC Commission concluded that Plaintiff's termination was based on her own actions—being absent without leave and failing to provide sufficient medical documentation to support her absence—and thus was an "intervening event" that limited the AJ's remedy requiring the USPS to return Plaintiff to work. (*Id.*) The EEOC also noted that Plaintiff had failed to raise any claims relating to her termination before the AJ. (*Id.*) At the conclusion of its decision, the EEOC notified Plaintiff of her right to file a motion for reconsideration or to appeal the decision to an appropriate federal court within 90 days from the date she received the final decision. (*Id.*) This civil lawsuit followed.

## C.  Civil Lawsuit

On August 8, 2014, Plaintiff filed her initial complaint with this court. She has amended it several times since, alleging that her termination violated the ADA. (Amended Complaints [22, 32, 34, 37].) Defendant asks the court to dismiss any wrongful termination allegations on the basis that Plaintiff failed to properly exhaust administrative remedies. (Mot. to Dismiss, (hereinafter "Mot."), [39] at 1.)

In a June 18, 2015 ruling, this court limited Plaintiff's lawsuit to an appeal from the EEOC's May 2014 ruling. [36] Defendant contends that Plaintiff has violated that limitation in her third amended complaint, in which she includes two counts of violation of the ADA: In Count I, Plaintiff alleges that she was constructively discharged from her employment when Defendant withdrew her reasonable accommodations and forced her to take and exhaust her annual and sick leave. (Third Am. Compl. ¶¶ 22-27.) In Count II, Plaintiff alleges that she was wrongfully terminated from her employment because of her disability. (*Id.* ¶¶ 37-38.) To remedy these violations, Plaintiff seeks reinstatement, back pay, compensatory damages, attorney's fees, and asks the court to order Defendant to cease and desist from discrimination. (*Id.* ¶¶ 28, 37.) Although there is no separate count for review of the EEOC's May 2014 decision, Plaintiff does

seek such review. In paragraph 20 of her complaint, she asserts that the decision was not based on the evidence and a mistake of law.

**DISCUSSION**

Defendant seeks dismissal of this suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although Plaintiff's complaint and her brief are a bit confusing, the court understands that she has alleged constructive discharge and wrongful termination. She also alleges that her complaint is based "only" on an appeal of the EEOC's decision, and sets forth several grounds on which she appeals that decision. The court thus construes Plaintiff's complaint to contain three claims: (1) Defendant wrongfully terminated Plaintiff's employment, (2) Defendant constructively discharged Plaintiff from her employment, and (3) the EEOC erred in finding that the AJ's order did not require Plaintiff's reinstatement and in failing to consider Plaintiff's constructive discharge claim in her February 2009 complaint. For the reasons discussed below, Defendant's motion to dismiss is granted with respect to the first two claims, but denied with respect to the third claim.

A Rule 12(b)(1) motion challenges the existence of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), the court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

**Requirement of Exhaustion**

Before bringing a civil action alleging a violation of the Rehabilitation Act,[2] a plaintiff is required to exhaust her administrative remedies. 29 C.F.R. § 2000e-5; § 12117(a). Federal regulations provide that a USPS employee alleging discrimination must first initiate contact with a designated USPS counselor, and, if the concern is not resolved, file a formal complaint with the USPS's EEO office, which investigates the charges. 29 C.F.R. §§ 1614.105-1614.108. At the close of the investigation, the EEO office notifies the employee that she may obtain an immediate final decision from the USPS, or alternatively, request that an EEOC Administrative Judge hold a hearing and make a recommendation to the USPS before the USPS issues a final decision. 29 C.F.R. § 1614.108(f); 29 C.F.R. § 1614.109. The USPS then issues its final decision. 29 C.F.R. § 1614.110. In that decision, the USPS may carry out the AJ's recommendation or may appeal that decision with the EEOC. *Id.* Regardless of whether the employee received a hearing, upon receipt of the final USPS decision, the employee may either appeal such decision to the EEOC or file a civil action in federal district court and receive a *de novo* trial on her claims. *Id.*

In this case, Defendant asserts that Plaintiff's constructive discharge and wrongful termination claims should be dismissed for failure to exhaust administrative remedies. As a technical matter, Defendant is correct: In her complaint filed with the USPS on February 18, 2009, Plaintiff complained only that the USPS discriminated against her based on her race and that the USPS failed to provide her with reasonable accommodation for her disability. At the

---

[2]     Plaintiff has asserted her constructive discharge and wrongful termination claims under the ADA, but federal employees such as Plaintiff can only bring disability claims against their government employers under the Rehabilitation Act, 20 U.S.C. § 794. *See Burchett v. U.S. Postal Service*, No. 03-cv-1325, 2006 WL 2794807, at *1 (N.D. Ill. Sept. 26, 2006). Plaintiff's failure to cite the appropriate statute, however, is not fatal to her claims. *See Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004) ("complaints plead claims, not legal theories"); *Ryan v. Ill. Dept. of Children and Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) (plaintiff "cannot plead herself out of court by citing to the wrong legal theory").

time she filed that complaint, however, Plaintiff had no basis for alleging a wrongful discharge: she remained employed by USPS. Plaintiff also did not file a new internal complaint with the USPS after being terminated, and she concedes that she did not formally raise the issue of her termination before the AJ. Plaintiff did raise the issue of her termination in her EEOC appeal, but did so only by alleging that the AJ's order required the USPS to reinstate her. She did not explicitly allege that the USPS violated the Rehabilitation Act (or any other statute) or otherwise acted unlawfully when it terminated her.

Ordinarily, where a Plaintiff fails to raise substantive allegations in her underlying charge of discrimination, she is barred from litigating those claims in federal court. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Plaintiff's failure to exhaust administrative remedies with respect to Counts I and II requires dismissal of those claims without prejudice, *Greene v. Meese,* 875 F.2d 639, 643 (7th Cir. 1989); *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1321 (7th Cir. 1984). In reaching this conclusion, the court acknowledges the twin purposes of the administrative exhaustion requirement: to promote resolution of the dispute without resort to the courts and to give employers adequate notice of the charges against them. *Cheek*, 31 F.3d at 500. Indeed, in its May 2014 ruling, the EEOC declined to address Plaintiff's challenge to her termination because Plaintiff had not filed a new charge.

That said, Defendant's suggestion that USPS did not receive adequate notice of Plaintiff's termination claim appears to reflect a strained reading of the procedural history of this case. Plaintiff had pursued a failure-to-accommodate claim for many months. She argued before the AJ that USPS failed to accommodate her disability; indeed, Plaintiff *prevailed* on that claim. As relief, the AJ directed (more than one year after Plaintiff had been formally terminated) that USPS employ Plaintiff, provide accommodations, and award "full back pay, allowances, and differentials" she lost as a result of the Postal Service's proven failure to accommodate her. Plaintiff's termination directly resulted from that failure as well, to the extent

it was based on absences that were themselves a product of the failure to accommodate her disability or on her purported failure to provide documentation of her disability.

**Appeal from EEOC 2014 Ruling**

As noted, Plaintiff has timely appealed from the EEOC's decision that USPS complied with the relief the AJ ordered. The AJ had concluded, in November 2011, that USPS failed to reasonably accommodate Plaintiff's disability, and had ordered that Defendant return her to work and provide accommodation. Plaintiff claims USPS did not comply with this order. In dismissing that claim, the EEOC characterized Plaintiff's termination of employment as an "intervening event," unrelated to the USPS's failure to accommodate her. The EEOC concluded that USPS was therefore not required to reinstate her. As Plaintiff sees things, that EEOC decision effectively nullifies the reinstatement, backpay, and other "make whole" remedies ordered by the AJ. That assertion is a plausible one. Indeed, it appears undisputed that the reason for Plaintiff's discharge was her absence from work, which itself allegedly resulted from Defendant's failure to accommodate her disabilities. Plaintiff's appeal will require this court to determine whether the EEOC erred in finding that her termination, months before the AJ ruled, bars her from recovery of backpay after that date. Should Plaintiff prevail in that appeal, she will be entitled to the relief she seeks in Counts I and II of her complaint, despite her failure to file an additional administrative claim following her termination.

**CONCLUSION**

Defendant's motion to dismiss Plaintiff's complaint [39] is granted in part and denied in part. Counts I and II are dismissed. Plaintiff's appeal from the EEOC's May 2014 decision survives, as does her request for relief from USPS's alleged failure to accommodate her disability, and resulting termination.    ENTER:

Dated: March 22, 2016

_____
REBECCA R. PALLMEYER
United States District Judge